FILED
FEB - 4 2014
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v. CRIMINAL NO. 2:14-00012
18 U.S.C. § 1957
18 U.S.C. § 2

GREGORY A. DOTSON

# I N F O R M A T I O N

The United States Attorney Charges:

## COUNT ONE
## (Unlawful Monetary Transaction)

### Background

At all relevant times:

1. Defendant GREGORY A. DOTSON lived in or near Wheatley Branch, Chapmanville, Logan County, West Virginia.

2. Defendant GREGORY A. DOTSON owned and operated B&J Business Enterprises Inc. d/b/a Giovanni's Pizza, situated at 617 Main Avenue, in or near West Logan, Logan County, West Virginia.

3. Using a nominee owner, Defendant GREGORY A. DOTSON incorporated B.D. Amusement Company under Kentucky law in May 2008, with its principal place of business situated at 148 Appalachian Plaza, in or near South Williamson, Kentucky.

4. The primary purpose of B.D. Amusement Company was to promote an "illegal gambling business" in violation of 18 U.S.C. § 1955, that is, the operation of a gambling parlor containing unlicensed video poker machines commonly referred to as "gray machines," which are considered a "gambling device" as defined under Kentucky law.

5. Kentucky law prohibits the operation of a gambling device for customer profit.

6. Since at least May 2008, Defendant GREGORY A. DOTSON paid, or caused employees to pay, customers for playing the gray machines in the B.D. Amusement gaming parlor in violation of Kentucky law.

7. Defendant GREGORY A. DOTSON routinely traveled across state lines from his home or business in Logan County, West Virginia, to the B.D. Amusement gaming parlor in South Williamson, Kentucky to retrieve cash obtained from the operation of the illegal gambling business.

8. Defendant GREGORY A. DOTSON commingled the cash obtained from the operation of the illegal gambling business with legitimate business interests, including the operation of Giovanni's Pizza restaurant.

9. Defendant GREGORY A. DOTSON routinely purchased personal luxury items for himself and family members using the

cash obtained from the operation of the illegal gambling business.

10. Bill Gatton Imports, Inc., situated in or near Bristol, Tennessee ("Bill Gatton Imports"), is a financial institution, as defined by 18 U.S.C. § 1956(c)(6) and 31 U.S.C. § 5312(a)(2)(T), affecting interstate or foreign commerce.

**Unlawful Monetary Transaction**

11. On or about August 16, 2010, Defendant GREGORY A. DOTSON departed from or near Logan, Logan County, West Virginia, within the Southern District of West Virginia, with $11,831 in cash constituting criminally derived property, that is, the proceeds of the operation of an illegal gambling business, a specified unlawful activity in violation of 18 U.S.C. § 1955, and traveled to Bristol, Tennessee, where Defendant GREGORY A. DOTSON, did knowingly engage, and attempt to engage in, and willfully cause, a monetary transaction of a value greater than $10,000 by, through and to Bill Gatton Imports, when he provided $11,831 cash and other consideration to purchase a 2009 350Z Nissan.

In violation of Title 18, United States Code, Sections 1957 and 2.

**FORFEITURE FOR UNLAWFUL MONETARY TRANSACTIONS**

In accordance with 18 U.S.C. § 982(a)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of Defendant GREGORY A. DOTSON for a violation of 18 U.S.C. § 1957 (unlawful monetary transaction), as set forth in Count One of the Information, Defendant GREGORY A. DOTSON shall forfeit to the United States any property, real or personal, which facilitated, was involved in, or is traceable to property involved in such offense including, but not limited to, the $308,000, more or less, constituting a portion of the criminally derived property that was involved in unlawful monetary transactions conducted by Defendant GREGORY A. DOTSON, and for which sums the United States intends to seek the entry of a judgment.

**NOTICE OF INTENT TO FORFEIT SUBSTITUTE ASSETS**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of said property listed above as being subject to forfeiture including, but not limited to, the following:

1. Cash seized from Mr. Dotson's residence, vehicle and places of business in the amount of $148,730.94;

2. 2012 Mercedes GL550 VIN 4JGDF7DE2DA105519 with estimated fair market value of $96,000;

3. Rolex Oyster Perpetual Date bracelet with estimated fair market value of $5,600 or cash equivalent;

4. Rolex Oyster Perpetual Day-Date Special Edition watch with estimated fair market value of $49,995;

5. Gold-plated .50 caliber Israel Weapons Desert Eagle S/N 422018 with estimated fair market value of $1,839;

6. Colt Gold Mk IV Series 80 S/N FG08097 with estimated fair market value of $2,000;

7. Colt Gold Cup Limited Edition #GCT00921 S.N GCE0146 with estimated fair market value of $1,500;

8. Colt Patriotic Tribute .45 Caliber Piston S/N 281231 with estimated fair market value of $1,750;

9. Taurus 9 mm handgun S/N TBY49014 with estimated fair market value of $750;

10. 40 video gaming machines seized from BD Amusement in South Williamson, Kentucky; and

11. 42 video gaming machines seized from two storage units at Red Robin Rentals in Belfry, Kentucky.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: ______________________________
THOMAS C. RYAN
Assistant United States Attorney